This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 33,018**

**GUADALUPE SEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assitant Attorney General
Santa Fe, NM

for Appellee

Law Office of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Guadalupe Seda (Defendant) appeals from the district court's judgment in an on-record appeal from metropolitan court. Defendant was convicted for first-offense DWI in metropolitan court, pursuant to a conditional guilty plea. Not persuaded by Defendant's docketing statement that the metropolitan court erred, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded by her arguments. We affirm.

{2}     On appeal, Defendant has argued that (1) the officer lacked reasonable suspicion to stop her; (2) her right to confrontation was violated when the metropolitan court permitted the officer to testify to the out-of-court statements of eyewitnesses who were not present at trial to testify; (3) the district court erred by refusing to review Defendant's confrontation claim; and (4) Defendant was denied the effective assistance of counsel. [DS 9] In response to our notice, Defendant pursues only her argument that the officer lacked reasonable suspicion to support the traffic stop and has abandoned the remaining three. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (holding that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{3} Our notice proposed to agree with the lower courts and treat the information given to the officer by the females in the vehicle as the functional equivalent of an anonymous tip given by a concerned motorist. We further proposed to agree with the district court that the appropriate law to which we should apply the facts is provided in *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111. Applying the facts of the current case to the standard in *Contreras*, we proposed to hold that the motorists' personal and contemporaneous observation of Defendant's driving and their description and specific identification of the vehicle to the officer meets the reliability and credibility standards that *Contreras* holds satisfies the Fourth Amendment. *See id.* ¶¶ 9-12. In addition, we proposed to hold that the danger to the public that Defendant's driving appeared to have posed tips the balance in favor of executing the minimal intrusion of a brief investigatory stop. *See id.* ¶ 21.

{4} In response to our notice, Defendant contends that the facts of *Contreras* are distinguishable from the current case and that *Contreras* was wrongfully decided based on contrary out-of-state case law. [MIO 2-5] Defendant argues that the *Contreras* decision relied almost entirely on the theory that a DWI investigation warrants diminished Fourth Amendment rights and, in Defendant's case, the anonymous tip did not warn the police officer of possible drunk driving. [MIO 2] Defendant argues that the tip warned the officer of what he construed as a possible road rage situation. [Id.] Defendant contends our notice would extend stopping

3

authority to anonymous tips about any alleged traffic violation that might be construed as evidence of DWI. [Id.]

**{5}** We are not persuaded that the facts of this case warrant such an alarmist view of our application of *Contreras*. The officer here was told by the anonymous motorists in a frantic and adamant manner that the vehicle directly behind him was being driven erratically and nearly struck their vehicle several times on I-40 in Albuquerque. [RP 92-93] We remain persuaded that these facts give rise to a reasonable suspicion of DWI under *Contreras* and pose the same safety concern and danger to the public as the alleged "erratic driving" in *Contreras* that was reported specifically as possible drunk driving. *See id.* ¶¶ 12, 14-15 (internal quotation marks and citation omitted); *see also State v. Hubble*, 2009-NMSC-014, ¶¶ 27-29, 146 N.M. 70, 206 P.3d 579 (emphasizing that an officer's reason for a traffic stop is not always determinitive of reasonable suspicion; under our objective test, courts examine the totality of the circumstances surrounding the stop to determine whether they gave rise to a reasonable suspicion of criminal activity).

**{6}** Because we also remain persuaded that the anonymous tip from the concerned motorists met the reliability and credibility standards of *Contreras*, 2003-NMCA-129, ¶¶ 9-12, we see no error in the metropolitan court's conclusion that the officer had reasonable suspicion for the stop.

**{7}** Lastly, we note our appreciation for defense counsel's compliance with our rules by providing this Court with recent, pertinent federal authority that supports our proposed analysis. We decline Defendant's invitation to reconsider *Contreras*.

**{8}** For the reasons stated in this Opinion and in our notice, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**M. MONICA ZAMORA, Judge**